## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## WICHITA DIVISION

| | |
|---|---|
| JOHN FORD and DEIRDRE FORD, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 6:20-cv-1311 |
| NATIONWIDE CAPITAL SERVICES, LLC d/b/a STRUCTURED SETTLEMENT, | ) ) ) ) |
| Defendant. | ) ) |

### PLAINTIFFS' COMPLAINT

Plaintiffs, JOHN FORD ("John") and DEIRDRE FORD ("DEIRDRE") (collectively "Plaintiffs"), through their attorney, Molner Law Group, LLC, alleges the following against Defendant, NATIONWIDE CAPITAL SERVICES, LLC d/b/a STRUCTURED SETTLEMENT ("Defendant"):

### INTRODUCTION

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiffs are natural persons residing in Wichita, Sedgwick County, Kansas.

6. Plaintiffs are consumers as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiffs allegedly owe a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiffs.

10. Defendant is a collection agency with a principal office located in Henderson, Clark County, Nevada.

11. Defendant is a business entity engaged in the collection of debt within the State of Kansas.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect an alleged consumer debt from Plaintiffs originating with a payday loan.

17. The alleged debt owed arises from transactions for personal, family, and household purposes.

18. Within the past year of Plaintiffs filing this Complaint, Defendant began placing calls to John on his telephone at xxx-xxx-4047, in an attempt to collect the alleged debt.

19. Within the past year of Plaintiffs filing this Complaint, Defendant began placing calls to Deirdre on her telephone at xxx-xxx-3395, in an attempt to collect the alleged debt.

20. Defendant calls Plaintiffs from various telephone numbers.

21. Within the past year of Plaintiffs filing this Complaint, Defendant's collectors left the following voicemail messages on John's telephone:

    a. "Hi, this is John from Structured Settlement again, still trying to get in touch with you to verify some information on this automatic withdrawal on your checking account. Please contact me back at your earliest convenience so we can confirm that you did authorize this transaction. You need to contact me back at 888-585-2112. This is an attempt to collect a debt. Any information obtained will be used for that purpose."

    b. "Hi, this is Brianna calling with Structured Settlement. I wanted to personally congratulate you on being approved for our special tax time discounts. This is an opportunity for you to close your account for less than what you owe. Our board indicated that you would like to resolve this voluntarily. So, we wanted to extend this offer to you. Please give us a call at 888-676-0275. This is an attempt to collect the debt and any information obtained will be used for that purpose. Thank you."

22. Within the past year of Plaintiffs filing this Complaint, Defendant's collectors left the following voicemail messages on Deirdre's telephone:

    a. "Hi, this is Joseph from Structured Settlement. As of today, we have not received the payment that you scheduled with me. I am reaching out to you today to assist you in resolving your obligations with our office. I would hate to see the efforts

3

> that you and I put towards these arrangements to be null and void due to the return payment. I am here to help. You can reach me at 1-888-660-3313. This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose."

23. The telephone numbers 888-585-2112 and 888-660-3313 belong to Defendant.

24. During the aforementioned voicemail messages, Defendant's collectors falsely represented that Plaintiffs agreed to make a payment to Defendant.

25. During the aforementioned voicemail messages, Defendant's male collector, John, falsely represented that Plaintiffs authorized Defendant to make an automatic withdrawal from Plaintiff's personal checking account.

26. During the aforementioned voicemail messages, Defendant's collectors, John and Joseph, falsely represented that Plaintiffs scheduled a payment to be made to Defendant.

27. During the aforementioned voicemail messages, Defendant's collector, Brianna, insinuated legal action would be taken against Plaintiffs if he does not voluntarily resolve the alleged debt.

28. Defendant's collectors were working within the scope of their employment when they left the voicemail messages on Plaintiffs' telephones.

29. Defendant employed the foregoing debt collection tactics in an attempt to instill fear in Plaintiff.

30. Defendant employed the foregoing debt collection tactics in an attempt to coerce Plaintiffs into placing a call to Defendant and making payment to Defendant.

31. To date, Defendant has not taken legal action against Plaintiffs.

32. To date, Defendant has not sent Plaintiffs notice of the alleged debt pursuant to 15 U.S.C. § 1692g(a).

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

33. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Defendant employed illegal debt collection tactics in an attempt to in an attempt to instill fear in Plaintiffs and when Defendant employed illegal debt collection tactics in an attempt to coerce Plaintiffs into placing a call to Defendant and making payment to Defendant;

   b. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

   c. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken, when Defendant insinuated legal action would be taken against Plaintiffs if Plaintiffs did not voluntarily resolve the alleged debt when Defendant did not intend to take such action;

   d. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant falsely represented that Plaintiffs agreed to make a payment to Defendant, when Defendant falsely represented that Plaintiffs authorized Defendant to make an automatic withdrawal from Plaintiffs' personal checking account and when Defendant falsely represented that Plaintiffs scheduled a payment to be made to

Defendant;

e. Defendant violated § 1692g(a) of the FDCPA by failing to provide notice of the debt during the time period prescribed in § 1692g(a), when Defendant failed to provide Plaintiffs with notice of the alleged debt pursuant to § 1692g(a);

f. Defendant violated § 1692(f)(1) of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiffs, JOHN FORD and DEIRDRE FORD, respectfully requests judgment be entered against Defendant, NATIONWIDE CAPITAL SERVICES, LLC d/b/a STRUCTURED SETTLEMENT, for the following:

34. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k,

35. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k, and

36. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

November 11, 2020	By: /s/ Mark D. Molner, Esq.
	Mark D. Molner, Esq. (SBN 64493)
	Molner Law Group, LLC
	300 E. 39th Street, Suite 1G
	Kansas City, MO 64111
	P: 816-281-8549
	F: 816-817-1473
	mark@molnerlaw.com